UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANDREW S. WHITESELL,

                    Plaintiff,

       v.

NEW YORK STATE MARINE HIGHWAY
TRANSPORTATION, LLC,

                    Defendant.

No. 09-CV-656
(GLS/DRH)

-----------------------------------------------------------------

APPEARANCES:

FISHMAN McINTYRE P.C.
Attorney for Plaintiff
12th Floor
44 Wall Street
New York, New York 10005

RUBIN, FIORELLA & FRIEDMAN LLP
Attorney for Defendant
292 Madison Avenue
New York, New York 10017

OF COUNSEL:

BRIAN S. LENT, ESQ.
SCOTT A. GROSSMAN, ESQ.

JAMES E. MERCANTE, ESQ.
BRENDAN BURKE, ESQ.

DAVID R. HOMER
U.S. MAGISTRATE JUDGE

## MEMORANDUM-DECISION AND ORDER

By letter dated October 13, 2010, plaintiff Andrew S. Whitesell ("Whitesell") requested a conference to seek a second extension of the deadline for completion of discovery. Dkt. No. 11.   By letter dated October 14, 2010, defendant New York State Marine Highway Transportation, LLC responded in opposition. Dkt. No. 12.  A telephone conference was held on-the-record with counsel for both parties on October 26, 2010 during which counsel for Whitesell stated as the basis for his request for a four-month extension that Whitesell now wished to obtain new counsel to represent him.  For the reasons which follow, that request is

denied.

## I. Background

Whitesell commenced this action on June 8, 2009 alleging that he was injured through the negligence of defendant, his employer, and seeking the recovery of damages under the Jones Act, 46 U.S.C. § 30104 et seq. Whjitesell was employed by defendant and alleges that on June 14 or 15, 2006, the tugboat on which Whitesell was working docked for the night on the Erie Canal at Brewerton, New York. Compl. (Dkt. No. 1) at ¶ 12.[1] After leaving the tugboat at the dock, Whitesell returned at approximately 2:30 a.m. As he crossed the walking plank from the dock to the tugboat, Whitesell slipped and fell into the water where he remained for three to five hours before he was found. Whitesell alleges that his fall was caused by a defect in the plank and that as a result of the fall, he suffered permanent injuries to his hip, pelvis, and other areas of his body. Id. at ¶¶ 13-15.

On October 14, 2009, a conference was held with counsel for both parties pursuant to Fed. R. Civ. P. 16 following which a Uniform Pretrial Scheduling Order was entered setting a schedule for completion of the case. Dkt. No. 8 (UPSO"). Among other things, the UPSO established August 15, 2010 as the deadline for completion of all discovery and May 15, 2010 as the deadline for Whitesell to disclose any expert witness reports. Id. at 2. At a status conference on March 15, 2010,[2] Whitesell's counsel advised that he had experienced

---

[1]Brewerton is located approximately fifteen miles north of Syracuse.

[2]This conference was not conducted on-the-record. The Court has relied on its notes of the conference to recall what occurred. Those notes will be filed in the Court-only portion of the docket of this case. See also note 3 infra.

difficulties communicating with Whitesell on discovery issues because he lived in a remote part of Maine and that as a result, the progression of discovery had been impeded. However, the difficulties had now been resolved and counsel anticipated no problem completing discovery within the existing deadline.

By letter dated June 24, 2010, defendant requested a conference regarding Whitesell's failure to provide discovery. Dkt. No. 9. A telephone conference was held on June 30, 2010.[3] Whitesell had not served any expert witness report, had not responded to defendant's discovery demands, and had taken no discovery himself despite the fact that only forty-five days remained in the discovery period. An order was then entered extending the discovery deadline to October 15, 2010. Dkt. No. 10. This operated to extend the deadline for Whitesell to disclose an expert witness report to July 15, 2010. Id. at 1-2; UPSO at 2. Whitesell's counsel advised that he believed that an expert witness report had been obtained but inadvertently not served and that with the extension, an expert witness report would now be served within the new deadline.

From the conference on October 26, 2010, it appears that Whitesell still has failed to serve, or even to obtain, any expert witness report.[4] It further appears that Whitesell has not served adequate responses to defendant's discovery demands, twice failed to appear for scheduled independent medical examinations, failed to appear for a deposition, and has himself taken no discovery, including a site inspection of the allegedly defective tugboat and

---

[3]This conference also was not conducted on-the-record. The Court has relied on its notes of the conference to recall what occurred. Those notes will be filed in the Court-only portion of the docket of this case. See also note 2 supra.

[4]Defendant timely served its expert witness report.

-3-

its plank.  The reasons offered by Whitesell's counsel are the failures of subordinates and continued difficulties communicating with Whitesell.[5]  Thus, more than one year after the entry of the UPSO and almost four months after receiving an extension of the discovery deadline , Whitesell and his counsel still have taken no meaningful steps to conduct, let alone complete discovery.

## II. Discussion

The discovery deadline in the UPSO was entered pursuant to Rule 16(b).  That rule provides that "[a] schedule shall not be modified except upon a showing of good cause . . . ."  See also N.D.N.Y.L.R. 16.1(f) ("Deadlines . . . shall be strictly enforced and shall not be modified by the Court, even upon stipulation of the parties, except upon a showing of good cause.");  UPSO at ¶ 1 (same); Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 448 (W.D.N.Y. 1997)(holding that the good cause standard of Rule 16(b) rather than the excusable neglect standard of Fed. R. Civ. P. 6(b) governs motions to extend scheduling deadlines).  Counsel were reminded by the undersigned of the deadlines in the UPSO at the status conference on March 15, 2010 and at the discovery conference on June 30, 2010.

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"  Broitman v. Kirkland, 86 F.3d 172, 175 (10th Cir. 1996).  At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  Robinson v. Town of Colonie, No. 91-CV-1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3,

---

[5]Whitesell's counsel now asserts that Whitesell resides in a remote part of New Hampshire.

1993)(McCurn, J.); see also Julian v. Equifax Check Servs., Inc., 178 F.R.D. 10, 16 (D. Conn. 1998); Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 301 (D. Kan. 1996). The inquiry focuses on the moving party's reason for requesting the extension. Julian, 178 F.R.D. at 16. The mistake or inadvertence of counsel will not support a finding of good cause. See Broitman, 86 F.3d at 175; Lory v. General Elec. Co., 179 F.R.D. 86, 88 (N.D.N.Y. 1999); Carnrite, 175 F.R.D. at 448.

Here, Whitesell offers as the principal basis for the present request the desire to obtain new counsel. First, there is no indication that Whitesell has any specific new counsel willing to assume his representation in this case. Second, the request was made two days before the extended discovery deadline was to lapse and over sixteen months after this action was commenced. Seeking an extension on this ground so late in the case without any showing as to need for new counsel is insufficient to establish good cause for an extension. Finally, Whitesell has made no showing that any external factors prevented him from obtaining new counsel sooner or that the lateness of the present request results from anything other than Whitesell's own neglect of the case or that of his counsel. As noted, the inadvertence or inattention of a party or his counsel fails to demonstrate the requisite good cause to extend a deadline. See Broitman, 86 F.3d at 175.[6]

---

[6]The remoteness of Whitesell's residence, whether in Maine or New Hampshire, impeding completion of discovery also fails to demonstrate good cause for the extension. First, a party has an obligation to participate in the discovery process and cannot avoid that obligation by failing to maintain adequate communication with his or her counsel. See Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998). Second, any unnecessary time and costs could have been avoided if Whitesell had requested accommodation from defendant or, if still unsatisfied, from the Court. Remaining silent and then asserting this as a ground for another extension cannot provide the requisite good cause.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Whitesell's request for a four-month extension of the deadline for completion of discovery is **DENIED**.


**IT IS SO ORDERED**.

Dated:  October 27, 2010
        Albany, New York

David R. Homer
U.S. Magistrate Judge